UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4584
(1:09-cr-00226-TDS-1)

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

RICARDO LOPEZ-VERA,

              Defendant - Appellant.

O R D E R

The Court amends its opinion filed May 27, 2011, as follows:

On the cover sheet, the panel information is corrected to read:  "Before KING, GREGORY, and DIAZ, Circuit Judges."

For the Court – By Direction

/s/ Patricia S. Connor
              Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4584**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICARDO LOPEZ-VERA,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:09-cr-00226-TDS-1)

Submitted:  May 17, 2011        Decided:  May 27, 2011

Before KING, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Milton B. Shoaf, Jr., ADDISON & SHOAF, Salisbury, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2003, Ricardo Lopez-Vera pleaded guilty to illegally reentering the United States after having been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326 (a), (b)(2) (2006). The district court sentenced Lopez-Vera to a term of imprisonment followed by supervised release. Subsequently, Lopez-Vera pleaded guilty to illegal reentry and to violating the terms of his supervised release. The district court sentenced Lopez-Vera to eighty-seven months of imprisonment for the illegal reentry conviction and eighteen months of imprisonment for the supervised release revocation, to be served consecutively. Lopez-Vera now appeals and appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in imposing consecutive terms of imprisonment. Lopez-Vera was informed of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly

2

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. When "multiple terms of imprisonment are imposed on a defendant at the same time, . . . the terms may run concurrently or consecutively," 18 U.S.C. § 3584(a) (2006), and the district court must take into account the § 3553(a) factors in making that decision. 18 U.S.C. § 3584(b) (2006). Finally, we then "'consider the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51). This court presumes on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

Moreover, this court reviews a sentence imposed as a result of a supervised release violation to determine whether the sentence was plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The first step in this analysis is a determination of whether the sentence was unreasonable. Id. at 438. This court, in determining reasonableness, follows generally the procedural and substantive

3

considerations employed in reviewing original sentences. Id. On review, we will assume a deferential appellate posture concerning issues of fact and the exercise of discretion. Id. at 439.

Although a district court must consider the policy statements in Chapter Seven of the Sentencing Guidelines along with the statutory requirements of 18 U.S.C. § 3583 (2006) and § 3553(a), "'the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum.'" Crudup, 461 F.3d at 439 (quoting United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)) (internal quotation marks omitted). If a sentence imposed after a revocation is not unreasonable, we will not proceed to the second prong of the analysis — whether the sentence was plainly unreasonable. Crudup, 461 F.3d at 438-39. We have thoroughly reviewed the record and conclude that the sentences imposed by the district court are reasonable, and the court did not err in imposing consecutive terms of imprisonment. We therefore need not determine whether the revocation sentence was plainly unreasonable.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Lopez-Vera, in

4

writing, of the right to petition the Supreme Court of the United States for further review. If Lopez-Vera requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lopez-Vera. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED